# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TODD P. MICHAUD,**

           **Plaintiff,**

**-vs-**                        **Case No. 6:04-cv-1371-Orl-UAM**

**US STEAKHOUSE BAR AND GRILL, INC., STACEY DIASSINOS, JOHN DIASSINOS,**

           **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT JUDGMENT (Doc. No. 59)** |
| **FILED:** | **March 26, 2007** |

Plaintiff Todd P. Michaud filed a complaint in this action on September 14, 2004, seeking to hold Defendants liable for failing to pay him overtime wages and the minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Doc. No. 1. Defendants US Steakhouse Bar and Grill, Inc. ("US Steakhouse"), Stacey Diassinos, and John Diassinos filed their answer to the complaint on April 13, 2004. Doc. No. 14.

The Clerk entered default against US Steakhouse and Stacey Diassinos on January 24, 2007. Doc. No. 58. John Diassinos filed a Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida, Case No. 06-14665-JKO, and this FLSA action was automatically stayed as to him. Doc. Nos. 48, 49. Plaintiff now seeks default judgment against US Steakhouse and

Stacey Diassinos.  Doc. No. 59.  Plaintiff also states that he still intends to pursue this action against John Diassinos once the bankruptcy stay is lifted in approximately thirty days.  Doc. No. 63.

Under the FLSA, both the corporate employer and an individual with operational control of the corporation may be jointly and severally liable. *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir.1986).  In his complaint, Plaintiff alleges that he was employed as a maintenance worker by US Steakhouse from June 19, 2003 through February 3, 2004; that Stacey Diassinos and John Diassinos were the "owners and/or officers" of US Steakhouse; that the three Defendants were "substantially in control of the terms and conditions" of Plaintiff's work; and that the three Defendants wilfully failed to pay Plaintiff overtime wages and the minimum wage as required by the FLSA for his time worked.  Doc. No. 1 ¶¶ 4, 6, 8, 12, 14.

Entering a default judgment against Stacey Diassinos, who is alleged to have operational control over US Steakhouse, and US Steakhouse, the corporate employer, raises the possibility of inconsistent judgments should John Diassinos, also alleged to have operational control over US Steakhouse, successfully present a defense that he, through US Steakhouse, did not violate the FLSA, or that any violation was not wilful.  The possibility of inconsistent judgments should be avoided whenever possible.  *See, e.g.*, *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

Accordingly, I decline to enter a default judgment against Stacey Diassinos and US Steakhouse until such time as the claims against John Diassinos can be resolved.  Plaintiff's motion for default judgment, doc. no. 59, is **DENIED** without prejudice.  Plaintiff shall file, on or before July 9, 2007 and on or before the 9th day of each month thereafter, a status report on the

bankruptcy action. A renewed motion for a default judgment shall be filed within twenty days after the claims against John Diassinos are resolved.

**DONE** and **ORDERED** in Orlando, Florida on June 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties