**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**TODD P. MICHAUD,**
                **Plaintiff,**

**-vs-**                                          **Case No.  6:04-cv-1371-Orl-UAM**

**US STEAKHOUSE BAR AND GRILL,**
**INC., STACEY DIASSINOS,**
**JOHN DIASSINOS,**
                **Defendants.**

## ORDER

This cause came on for consideration after a hearing on the following motion:

> **MOTION:** **MOTION TO LIFT STAY AND REOPEN CASE AS TO JOHN DIASSINOS (Doc. No. 66)**
>
> **FILED:** July 9, 2007
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.    PROCEDURAL HISTORY.**

Plaintiff Todd P. Michaud filed a complaint in this action on September 14, 2004, seeking to hold Defendants liable for failing to pay him overtime wages and the minimum wage in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  Doc. No. 1. Defendants US Steakhouse Bar and Grill, Inc. ("US Steakhouse"), Stacey Diassinos, and John Diassinos ("Diassinos") appeared through counsel Gary Sack, Esq., and filed an answer to the complaint on April 13, 2004.  Doc. No. 14.  Diassinos allegedly was one of the owners and/or officers of US Steakhouse.  Doc. No. 1 ¶8.  Although Diassinos denied this allegation in his answer to the

complaint, service upon US Steakhouse was made by serving Diassinos as the owner of the corporation and US Steakhouse never challenged the effectiveness of service. Doc. Nos. 10, 14.

On September 29, 2006, Plaintiff's counsel filed a "Suggestion of Bankruptcy of John Diassinos" in which Plaintiff advised the Court that Diassinos had filed a Petition for Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida, Case No. 06-14665-JKO. Doc. No. 48. Upon review of the Suggestion of Bankruptcy, the Court ordered that the action stayed "as to Defendant John Diassinos until such time as the United States Bankruptcy Court lifts the automatic stay in this action." Doc. No. 49.

On October 24, 2007, the Court granted Gary Sack's motion to withdraw as counsel for all defendants, including Diassinos. Doc. No. 53. Thereafter, Diassinos appeared *pro se*. *Id*. No attorney subsequently has appeared on behalf of Diassinos.

On July 9, 2007, Plaintiff filed a motion to lift the stay and reopen the case as to Diassinos. Doc. No. 66. Plaintiff served Diassinos with the motion by mailing a copy of the motion to Diassinos' address of record. *Id*. On July 10, 2007, the Court issued an order requiring Diassinos to appear in person at a hearing on the motion scheduled on July 25, 2007. Doc. No. 67. The Court's order warned Diassinos that failure to appear may result in the entry of default pursuant to Fed. R. Civ. P. 16(f). *Id*. The Court's order was served on Diassinos by mail on July 11, 2007.

**II. ANALYSIS.**

On July 25, 2007, Diassinos failed to appear at the scheduled hearing. Prior to the hearing, Diassinos failed to file any response to Plaintiff's motion to lift the stay. He also failed to notify the Court in any manner that he would be unable to appear at the hearing. Plaintiff has made a satisfactory

showing that the bankruptcy action by Diassinos has concluded and no discharge was granted. The automatic stay, therefore, is lifted. The Court **GRANTS** Plaintiff's motion to reopen the case as to Diassinos.

At the hearing on July 25, 2007, Plaintiff made an *ore tenus* motion that default be entered against Diassinos. The Court granted the motion on the record pursuant to Federal Rule of Civil Procedure 16(f), and directed the Clerk to strike John Diassinos' answer to the complaint and to enter default against him.

**A.    The Law Governing Imposition of Sanctions**.

Federal Rules of Civil Procedure 16 (f) and 37 (b) provide the Court with the power to sanction an offending party, including entering default. Rule 16 (f) provides that:

> [i]f a party or party's attorney fails to obey a scheduling **or pretrial order**, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37 (b)(2)(B), (C), (D).

Fed. R. Civ. P. 16(f) (emphasis added). Rule 37 (b)(2) provides, in relevant part, that the Court may issue: "[a]n order striking out pleadings or parts thereof, . . . or rendering a judgment by default against the disobedient party." Fed. R. Civ. P. 37 (b)(2)(C).

Judgments by default are a "drastic remedy and should be resorted to only in extreme situations." *Charlton L. Davis & Co. v. Fedder Data Ctr.*, 556 F.2d 308, 309 (5th Cir. 1977) (citing *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972)). The Court shall enter default judgment "only if noncompliance is due to willful or bad faith disregard of court orders." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985). The

district court must find that "less draconian but equally effective sanctions" would not be effective. *Id.* (citing *Aztec Steel Co. v. Fla. Steel. Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)). When the non-compliant party demonstrates "a flagrant disregard for the court and the discovery process," however, the "severe" sanction is not an abuse of discretion. *See Aztec Steel Co.*, 691 F.2d at 481.

**B.     Application**.

The Court finds that sanction of default, although drastic, is warranted due to Diassinos's willful disregard of Court orders, and that lesser sanctions would not suffice. This case has been marked with repeated violations of Court orders. Initially, Diassinos failed to comply with the Interested Persons Order, resulting in an order to show cause why the case should not be dismissed. Doc. Nos. 15, 17. Diassinos failed to respond to the order to show cause, resulting in a second order to show cause. Doc. No. 25. The Court, finding that Diassinos had failed to show good cause in his written response to the second order to show case, set the matter for hearing on March 3, 2006. Doc. No. 31. Based on agreements obtained from Diassinos' counsel at the hearing, the Court discharged the order to show cause. Doc. No. 35.

Subsequent to counsel's withdrawal, the Court scheduled a hearing on January 24, 2007, to address the corporate defendant's failure to have counsel enter an appearance as previously ordered. Doc. No. 54. Diassinos was ordered to appear in person and warned that a failure to appear may result in a striking of pleadings and entry of default. *Id.* Diassinos failed to appear as ordered. Doc. No. 57. When Diassinos failed to appear on July 25, 2007, given his history of non-compliance with Court orders, the Court concluded that no sanction short of striking his answer and entering default would suffice.

## V.  CONCLUSION.

Plaintiff's Motion to Lift the Stay and Reopen the Case (Doc. No. 66) is **GRANTED.** Plaintiff's *ore tenus* motion for entry of default against John Diassinos is **GRANTED**. The Clerk shall strike John Diassinos's answer to the complaint at Docket No. 14, but not delete the answer from the record. The Clerk shall further enter default against John Diassinos. Plaintiff shall promptly file a motion for default judgment as to John Diassinos.

**DONE** and **ORDERED** in Orlando, Florida on July 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties